FRANK et al. v. UNION CENT. LIFE INS. CO.

(Circuit Court, W. D. Tennessee, W. D.   April 22, 1904.)

1. PARTIES—USE PLAINTIFF—BRINGING IN BY AMENDMENT.

Leave will not be granted to amend the writ, before the appearance of the defendant or the service of the writ and the filing of pleadings in the cause, by inserting the name of a third person as plaintiff suing for the use of the persons originally named as plaintiffs, where such third person is not before the court nor within the jurisdiction, and cannot be served with notice of the application, even though it is proposed to reserve to him the right to object to the order, such an order being, in form at least, an adjudication of the right to so use his name.

2. AMENDMENTS—ABSENT PARTIES—PROTECTION BY THE COURT.

It is the duty of the court to exercise its discretion over amendments for the full protection of those who are absent from the record and beyond the jurisdiction of the court.

On Motion to Amend Writ.

L. & E. Lehman and Elias Gates, for the motion.

HAMMOND, J. The previous application to amend the writ, issued some 10 days ago, by inserting the name of Mary Miller as plaintiff, suing for the use of herself and the said Godfrey Frank and others, was refused. The motion now is to allow the amendment, "expressly reserving to the said Mary Miller the right to make any and every objection or issue to this order which she might have made if the writ had been originally issued in the form in which the plaintiffs have now made it by amendment." I think the amendment in its new form also should be disallowed. Our statute of amendments (Rev. St. § 954 [1 U. S. Comp. St. 1901, p. 696]) is very broad in its terms, and very liberally construed, by no court more than this. But, while new parties may be thus made to a suit, and should be allowed to be made very liberally, it is the duty of the court to scrupulously guard the rights of all parties who are absent from the record, and to exercise its discretion over amendments for their full protection. When this application was made, the court inquired of counsel why the amendment was needed, and the purpose of it. It was learned by his statement that Mary Miller had made an assignment of a policy of life insurance issued by the defendant company on her own life to the plaintiffs, Godfrey Frank and others, who brought this suit in its present form. It is desired by the assignees to sue in her name as assignor for the use of these plaintiffs. The court inquired if there were any question of the

statute of·limitations, or the like, affecting the bringing of a new suit in the form desired, and was told that the intention was to save costs; and it was insisted that, inasmuch as the plaintiff could have brought the suit without leave of the court in that form originally, they should now be allowed to make the amendment desired, and not be put to the expense of a new suit. This seems plausible enough, and almost conclusive at first, but being informed that Mary Miller is not within the jurisdiction, so that notice of this application for the use of her name could be served upon her, it occurs to me that, notwithstanding the reservation contained in the order, she is put to a disadvantage by allowing her name to be used by way of amendment, instead of using it by the arbitrary choice of the plaintiffs, if they have that right; because, notwithstanding the reservation, the granting of the order is, in a sense at least, an adjudication of the right of the plaintiffs to so use her name. It is true that she has, under the order, the right to object, but non constat that she will ever appear or hear of the amendment to take advantage of that reservation, and it may be in that·aspect of no advantage whatever to her; whereas, if the plaintiffs choose to use her name arbitrarily, she at least has the advantage over the method of its use by amendment of not finding on the record any order of the court upon the subject to embarrass her, taken in her absence and without notice to her. This consideration, it seems to me, should control the wise and sound discretion of the court in her favor to refuse the amendment, and leave the plaintiffs to whatever right they have in the premises of bringing the suit in the proper form by new process, instead of amending the old. Making new parties by amendment after the suit has progressed by the appearance of the defendant and the filing of pleadings, so that it can be seen by the record what the relative rights of the parties may be in that matter, may be more liberally indulged under the statute than applications to amend by inserting the names of new parties in the writ before there is service of process or any record of the case by which the court may be guided in determining the matter of amendment. Here the application is to insert the name of a person as usor, by amendment, who is not within the jurisdiction to receive notice, without any formal consent of hers on the record, and when the facts presented in support of the application suggest a suspicion, at least, that the real litigation may be with her as to the validity of the assignment, a matter with which the defendant insurance company has nothing to do. It profits by the amendment, if anything, and the only disadvantage, if any, comes to the absent alleged assignor. Any determination of the right of an assignee, according to the law of this state, to use the name of the assignor in bringing suit, would be premature, and authorities on that question are not now pertinent. If the right exists, this refusal to allow the amendment does not affect it; but to allow the proposed amendment in a sense handicaps an alleged assignor, not before the court to contest the application, by giving the suit the form, at least, of an adjudication in favor of the right to so use her name.

Application refused.